# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JUAN CARLOS BONILLA** )<br>    3334 Chauncey Place #203 )<br>    Mount Rainier, MD 20712 )<br>    )<br>        Plaintiff, )<br>    )<br>vs. )<br>    )<br>**PRECISION TRUCK REPAIR, INC.** )<br>    Serve: H&G Registered Agents Inc. )<br>    1225 19th Street NW, #320 )<br>    Washington, D.C. 20036 )<br>    )<br>**DANIEL JACKSON COKER** )<br>    1075 Kenilworth Avenue NE )<br>    Washington D.C., 20019 )<br>    )<br>        Defendants. )<br>    ) | **Case No.** 1:16-cv-1856 |

## COMPLAINT

Juan Carlos Bonilla (hereinafter "Plaintiff"), by and through his undersigned counsel, Deyka Williams Spencer, and The Spencer Firm, LLC, hereby bring suit against Precision Truck Repair Incorporated and Danny Jackson Coker (hereinafter "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et. seq.* (FLSA) and the laws of the District of Columbia, D.C. Code §32-1012 *et. seq.,* DC Code §32-1301 *et. seq.*

### PARTIES AND JURISDICTION

1. The Plaintiff is an adult, over twenty-one years of age, and is a resident of Prince George's County, Maryland. Plaintiff was employed by and worked for Defendants in the District of Columbia.

2. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA and the D.C. Code, who Defendants suffered or permitted to suffer without paying Plaintiff's overtime in violation of Federal law and District of Columbia law.

3. Defendant Precision Truck Repair, Inc. is a corporation registered in the District of Columbia with its principal place of business in the District of Columbia.

4. At all relevant times, Defendant Precision Truck Repair, Inc. was an "employer" of Plaintiff, as defined by the FLSA and D.C. Code.

5. Defendant Precision Truck Repair, Inc. is a truck repair company

6. Upon information and belief, Precision Truck Repair, Inc. is owned and managed by Defendant Danny Coker.

7. At all times relevant to this Complaint, Defendant Danny Coker acted directly and/or indirectly in the interest of Precision Truck Repair, Inc. in relation to Plaintiff.

8. At all times relevant, Danny Coker controlled the hours that Plaintiff worked, the manner in which he was paid, and the conditions of his employment.

9. At all times relevant, Danny Coker had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

10. Defendant Danny Coker is an employer with the meaning of the FLSA and the D.C. Code.

11. At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA – 29 U.S.C. § 203(r).

12. At all times relevant, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times relevant to the present case, Defendants regularly carried on business in the District of Columbia.

## FACTS

14.     Plaintiff hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

15.     Plaintiff Bonilla began working for Defendants in 2004, performing auto body and paint services on the trucks and vehicles Defendants serviced.

16.     Mr. Bonilla regularly worked Monday through Friday from 8:00 am to 5:00 pm with a 1 hour lunch break.  He also worked most Saturdays ranging from 4 to 9 hours.

17.     Defendants compensated Mr. Bonilla through a "pseudo salary" system in which Mr. Bonilla would receive $1,500 in exchange for two full time forty (40) hour work weeks; an hourly rate of $18.75.

18.     Throughout the relevant period, Defendants failed to pay Mr. Bonilla overtime when he worked more than 40 hours a week.

19.     Upon information and belief, Plaintiff regularly worked over forty (40) hours per week and thus over eighty (80) hours during a two-week pay period.

20.     Plaintiff accumulated overtime by picking up extra hours throughout the week in addition to working between 4 and 8 hours on Saturdays.

21.     Upon information and belief, Plaintiff worked up to as many as twenty-six (26) overtime hours during a two-week pay period.

22.     Upon information and belief throughout the relevant period, and based on the actual earning statements preserved by Plaintiff, Mr. Bonilla accrued at least 571.75 hours of overtime; it is roughly estimated that he accrued close to 850 hours of overtime.

23. Upon information and belief, Plaintiff's schedule records indicate he worked overtime and yet Defendant failed to pay him for the overtime hours earned; furthermore they contend that Plaintiff did not work beyond 40 hours through most of his employment.

24. At all times relevant, Defendants assigned Plaintiff Bonilla to non-exempt duties and failed to pay him the proper overtime rate.

25. At all times relevant, Plaintiff Bonilla was not an exempt employee. Plaintiff Bonilla's duties consisted of auto-body work and painting trucks.

26. Plaintiff worked in excess of 80 hours per week during the relevant pay periods. However, Defendants failed to pay him time plus half-time for the hours worked over forty (40) in any workweek and eighty (80) in a two-week pay period.

27. At all relevant times, Defendants had knowledge that Plaintiff regularly and typically worked in excess of eighty (80) hours per pay period and suffered or permitted Plaintiff to work such hours.

28. Defendants' failure and refusal to comply with the applicable laws was willful, intentional, and not in good faith.

29. Defendants' failure to pay Plaintiff the overtime pay was willful and intentional and not the result of any *bona fide* dispute.

30. Defendants employed Plaintiff from 2004 until on or about May 26, 2016. Pursuant to the D.C. Code, Plaintiff is entitled to overtime claims dating back three years. Therefore, Plaintiff Bonilla is entitled to unpaid overtime wages from May 26, 2013, through May 26, 2016. Accordingly, the base loss of overtime pay to Plaintiff Bonilla is estimated at $28,749.19, exclusive of exemplary or treble damages.

31. District of Columbia law requires all employers to maintain compensation and time records for all employees. Accordingly, a precise calculation of Plaintiff's lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records maintained by the Defendants pursuant to the D.C. Code. It is possible that Defendants owe the amount claim or slightly larger or smaller amount and Plaintiff reserves the right to adjust his ad damnum claim up or down in a manner consisted with fundamental fairness to the Defendant and with the Rules of Court.

32. The D.C. Code allows for liquidated damages as a remedy to a employee whose wages have been wrongfully denied by their employer; accordingly treble damages for unpaid wages to Mr. Bonilla are approximately $86,247.57.

### COUNT 1
### FAILURE TO PAY OVERTIME
### (Violation of FLSA 29 U.S.C. §§ 201 *et. seq.*)

33. Plaintiff hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

34. Defendants failed to pay wages and overtime owed to the Plaintiff, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

35. Defendants' failure to pay Plaintiff's wages and overtime, as required by the FLSA, was willful, intentional and not in good faith. Defendants either knew or showed a reckless disregard for whether their conduct was prohibited by statute.

36. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff to suffer a loss of wages and interest therein.

### COUNT TWO
### FAILURE TO PAY OVERTIME
### (District of Columbia, D.C. Code §§32-1012 *et seq.*)

37. Plaintiff hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

38. At all times relevant to this Complaint, Defendants violated the overtime provisions of the D.C Code §§32-1012 *et. seq*.

39. Defendants' failure to comply with the District of Columbia wage and hour protections caused Plaintiff to suffer a loss of wages and interests therein.

## COUNT THREE
## FAILURE TO PAY WAGES
## (DISTRICT OF COLUMBIA, D.C. §§ Code §32-1302 *et. seq.*)

40. Plaintiff hereby incorporates each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

41. Defendants failed to pay Plaintiff all the wages he was due each pay period in violation of D.C. Code §§ 32-1302 *et. seq.*

42. Defendant's failure to comply with the District of Columbia wage and hour protections caused Plaintiff to suffer a loss of wages and interests therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that Judgment be entered against all Defendants jointly and severally; enjoin Defendants to comply with all applicable federal wage laws,

a. For the amount of the unpaid overtime compensation/wages due to Plaintiff for the relevant time period, three years prior to May 26, 2016, approximately $28,749.19;

b. For an additional amount of liquidated damages equal to three times the amount owed as authorized by the FLSA and the D.C. Wage Payment Law; approximately $86,247.57;

c. For Plaintiff's reasonable attorney's fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C. §216(b) and DC WP WCL §32-1308(b); and

d. For such other further relief as this Court may deem appropriate.

Respectfully submitted,

/s/
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com

*Attorney for Plaintiff*

Filed: September 16, 2016